UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONALD LEE BECK,                                              No. C 09-5853 SI (pr)

    Plaintiff,                                              **ORDER OF DISMISSAL**

    v.

K. ADAMS, correctional officer; et al.,

    Defendants.
    _____/

    Ronald Lee Beck, an inmate at Pelican Bay State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983 concerning tight handcuffing and resulting medical needs at the prison. His complaint is now before the court for initial review under 28 U.S.C. § 1915A.

    A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

    A prisoner must exhaust administrative remedies before filing a civil rights action. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other

Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." See Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. See id. § 3084.5; Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).

Nonexhaustion under § 1997e(a) is usually an affirmative defense, but a complaint may be dismissed by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).

Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Prisoners cannot avoid the administrative exhaustion requirement by requesting relief not available in the appeals system, such as monetary relief, or by simply declaring the process futile.

The complaint and attachments plainly show that Beck did not exhaust his administrative remedies before filing this action. Beck affirmatively stated that he did not appeal to the highest level available to him. Complaint p. 2, § I.E. He also stated that the "third level of appeal is pending. Second level 'P-granted' satisfies the court's requirement on administrative appeal." Id. at § I.F. The inmate appeal attached to his complaint shows that administrative remedies were not exhausted by the "partially granted" response to his inmate appeal at the second level. In partially granting the appeal, the responder stated that a staff investigation had been completed and that "[s]taff did not violate CDCR policy," and then states: "Allegations of staff misconduct

do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review.  Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted." Complaint attachments, third page. In short, the response specifically informed Beck he had not exhausted and that he needed to take further steps to exhaust. Rather than prove that no further appeal was necessary to exhaust, the exhibit plainly shows that he had not exhausted.

Beck conceded that he had not completed the California inmate appeal process before filing this action. This action therefore is dismissed without prejudice to Beck filing a new action after he exhausts his administrative remedies.

The clerk shall close the file.

IT IS SO ORDERED.

Dated: August 26, 2010

_____
SUSAN ILLSTON
United States District Judge